IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY TERRELL and TAMMY ROGERS | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0440-R |
| | § | (consolidated with No. |
| CITY OF ROWLETT and MSB | § | 3-05-CV-0441-R) |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is an unspecified civil action brought by Plaintiffs Tommy Terrell and Tammy Rogers against the City of Rowlett and the Municipal Services Bureau –Warrant Resolution Division. On March 3, 2005, plaintiffs tendered two one-page complaints to the district clerk and filed an application for leave to proceed *in forma pauperis* in both actions. The actions were consolidated by Order dated April 15, 2005. Because the information provided by plaintiff Tommy Terrell in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories were then sent to plaintiffs in order to obtain additional information about the factual basis of this suit. *See Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). Plaintiffs filed interrogatory answers with the district clerk on May 3, 2005. The court now determines that this

case should be summarily dismissed.

## II.

Although the complaints and interrogatory answers are less than a model of clarity, it appears that plaintiffs seeks a declaratory judgment dismissing a 2001 traffic ticket against Mr. Terrell for a broken tail light and a broken license plate tag light. Plaintiffs claim Terrell should not have been ticketed because the lights on his car had just been repaired and were still under warranty. Plaintiffs also complain that Ms. Rogers called the Municipal Services Bureau – Warrant Resolution Division in September 2004 and was told Mr. Terrell only owed $40.00 on the ticket. Plaintiffs claim they paid the $40.00, but were then told they still owed $78.00. Plaintiffs allege the City of Rowlett has "put out a warrant" on Mr. Terrell, demanding the $78.00.

### A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim upon which relief can be granted; or

(3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164,

113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993).  However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability."  *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that Tammy Rogers lacks standing to assert any of the claims alleged in this lawsuit.  A party lacks standing to sue unless she has suffered a particularized injury.  The injury must affect the plaintiff in a personal and individual way.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1, 112 S.Ct. 2130, 2136 n.1, 119 L.Ed.2d 351 (1992).  Ms. Rogers concedes she has not been personally harmed by the alleged actions by defendants.  (*Spears* Quest. # 3).  The alleged injuries suffered by Mr. Terrell are not personal to Ms. Rogers.  Tammy Rogers therefore lacks standing to assert those claims on his behalf.

C.

With respect to Terrell's claim that he was wrongly ticketed, the court notes that Mr. Terrell previously brought a federal lawsuit against the City of Rowlett challenging the same ticket.  (*Spears* Quest. # 4).  That case was dismissed with prejudice as frivolous on December 31, 2001.  *Tommy Terrell v. City of Rowlett*, No. 3-01-CV-2177-L (N.D. Tex. Dec. 31, 2001). The magistrate judge recommended dismissing plaintiff's claims because Mr. Terrell "does not dispute that the tail light and license plate tag light on his car were not working properly when he received the citations." FINDINGS AND REC. OF THE MAG. JUDGE, 12/11/01.  Plaintiff cannot relitigate his claim.

D.

Terrell also challenges the outstanding warrant against him for the unpaid ticket.  Terrell seeks an order requiring the City of Rowlett to dismiss the outstanding warrant.  However, the court should abstain from exercising jurisdiction on this claim under the *Younger* abstention doctrine.  *See*

*Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The *Younger* doctrine precludes federal courts from granting injunctive relief based on constitutional challenges to state criminal prosecutions pending at the time the federal action is instituted. *Id*. at 54, 91 S.Ct. at 755. This prohibition applies to suit for declaratory relief. *See Samuels v. Mackell*, 401 U.S. 66, 73, 91 S.Ct. 764, 768, 27 L.Ed.2d 688 (1971). The Supreme Court has determined that a pending post-judgment enforcement proceeding triggers the *Younger* doctrine. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Judice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977).

Terrell seeks an order from a federal court to dismiss an on-going state post-judgment enforcement proceeding. His claim should be dismissed under the *Younger* abstention doctrine. *See e.g., Ballard v. Wilson*, 856 F.2d 1568, 1570-71 (5th Cir. 1988) (affirming district court's application of *Younger* doctrine to suit seeking dismissal of municipal parking tickets).

**RECOMMENDATION**

Plaintiffs' complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).

Signed this 25th day of May, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).

/s/ Paul D. Stickney
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE